**Affirmed and Memorandum Opinion filed January 10, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00709-CV

---

## IN THE MATTER OF K.P.

---

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-02799J**

---

## MEMORANDUM OPINION

This is an appeal from the juvenile court's order transferring appellant K.P. to the Texas Department of Criminal Justice – Institutional Division ("TDCJ") to complete the remainder of his sentence that was imposed after a bench trial on a determinate sentence petition. In two issues, appellant argues that the court lacked jurisdiction or otherwise lacked authority to order his transfer. We affirm.

### Background

The State charged appellant, a minor at the time, by petition with delinquent conduct for committing murder. The court found appellant to have engaged in delinquent conduct and committed him to the Texas Juvenile Justice Department

("TJJD") to serve a twenty-year determinate sentence. *See* Tex. Fam. Code §§ 53.045, 54.04.

Before appellant's nineteenth birthday,[1] TJJD sent a letter to the committing juvenile court, writing in pertinent part:

> Please be advised that [appellant] is 18.10 years of age and subject to a transfer/release hearing under Sections 244.014 and 245.051, Human Resources Code, and Section 54.11, Family Code. We respectfully request that this hearing be set as soon as possible. We further request once the date of this hearing is established, a bench warrant be issued for his return to Court.

The court held a hearing, at which it heard evidence regarding the offense appellant was found to have committed and appellant's conduct while at TJJD. At the conclusion of the hearing, the court ordered appellant to be transferred to TDCJ to serve the remainder of his sentence.

Appellant appeals.

## Analysis

In two issues, appellant complains that the court either abused its discretion or lacked jurisdiction when it ordered that appellant be transferred to TDCJ "without the requisite statutory referral being made to do so." Because the issues intersect as a singular complaint that the juvenile court lacked authority for ordering appellant's transfer to TDCJ, we address the two issues together.[2]

---

[1] TJJD may not retain custody of a juvenile offender beyond his nineteenth birthday. *See* Tex. Hum. Res. Code § 245.151(d), (e).

[2] We review a trial court's decision to transfer a juvenile to TDCJ for abuse of discretion. *In re C.D.T.*, 98 S.W.3d 280, 283 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). If "some evidence" exists to support the trial court's decision, there is no abuse of discretion. *Id.* To the extent an issue involves a question of statutory interpretation, we apply a de novo standard of review. *See In re Panchakarla*, 602 S.W.3d 536, 540 (Tex. 2020).

Appellant's argument is based on the fact that TJJD's referral letter references both section 244.014 and section 245.051 of the Texas Human Resources Code. Appellant contends this was improper because "it is incumbent on the TJJD to make a referral pursuant to one or the other sections of the Human Resources Code. It is not permitted to make a referral and recommendation pursuant to both sections."

Under section 244.014, TJJD may refer the child to the juvenile court for approval of the child's transfer to TDCJ for confinement if the child has not completed the sentence and the child's conduct indicates that the welfare of the community requires the transfer. *See* Tex. Hum. Res. Code § 244.014(a). Under section 245.051, TJJD may release under supervision a child in the department's custody but may not release the child without approval of the juvenile court unless certain conditions are met. *Id.* § 245.051(a), (c); *see also id.* § 245.051(d) ("The department may request the approval of the court under this section at any time."). Invocation of these provisions triggers the need for a hearing under section 54.11 of the Family Code:

> On receipt of a referral under Section 244.014(a), Human Resources Code, for the transfer to the Texas Department of Criminal Justice of a person committed to the Texas Juvenile Justice Department under Section 54.04(d)(3), 54.04(m), or 54.05(f) [or] on receipt of a request by the Texas Juvenile Justice Department under Section 245.051(d), Human Resources Code, for approval of the release under supervision of a person committed to the Texas Juvenile Justice Department under Section 54.04(d)(3), 54.04(m), or 54.05(f), . . . the court shall set a time and place for a hearing on the possible transfer or release of the person, as applicable.

Tex. Fam. Code § 54.11(a). On conclusion of the hearing, the court may, as applicable: order the return of the person to TJJD or a post-adjudication secure correctional facility or the transfer of the person to the custody of TDCJ for the

3

completion of the person's sentence, *see id.* § 54.11(i); or order the return of the person to TJDD or post-adjudication secure correctional facility with approval for the release of the person under supervision or without approval for the release of the person under supervision, *see id.* § 54.11(j).

We recently addressed and rejected a similar argument as the one presented today. In *In re J.D.T.*, TJJD sent a referral letter to the juvenile court stating:

> Appellant will not complete his statutory minimum period of confinement of three years for this offense[] by the time of his 19th birthday, which will occur on September 27, 2020. He is, therefore, subject to a hearing to determine whether he will be transferred to the Institutional Division or released to the Parole Division of the Texas Department of Criminal Justice.

*In re J.D.T.*, No. 14-20-00689-CV, 2022 WL 3205088, at *1 (Tex. App.—Houston [14th Dist.] Aug. 9, 2022, no pet.) (mem. op.). J.D.T. argued that the letter "clearly reference[d]" section 245.051(c), which meant that, after holding a hearing, the juvenile court's *only* option was to order J.D.T.'s return to TJJD, either with approval for release or without approval. *See id.* (citing Tex. Fam. Code § 54.11(j)).

We disagreed with J.D.T.'s reading of the relevant statutory provisions: "Appellant misses that though the court's transfer-jurisdiction had already been invoked by operation of the release referral, a transfer hearing was also invoked by the letter. The letter advised that the case was ripe for a transfer hearing, cited the relevant statutory provisions pertaining to transfer procedures, and twice referred to the requested proceeding as a 'transfer hearing.'" *In re J.D.T.*, 2022 WL 3205088, at *1 (footnote omitted). We concluded that "the referral letter invoked the juvenile court's jurisdiction to hold a 'transfer/release hearing' under Section 244.014, as well as under Section 245.051, which at minimum, allowed its

4

discretion to fashion an order at the conclusion of the hearing consistent with subsection (i)(1), (i)(2), (j)(1) or (j)(2) of section 54.11 of the Texas Family Code." *Id.* at *2 (citing Tex. Fam. Code § 51.0411 ("The court retains jurisdiction over a person, without regard to the age of the person, who is referred to the court under Section 54.11 for transfer to the Texas Department of Criminal Justice or release under supervision.")).

We reach the same conclusion today. The referral letter in this case properly invoked the juvenile court's jurisdiction to hold a release or transfer hearing, which it did. *See* Tex. Hum. Res. Code §§ 244.014, 245.051; Tex. Fam. Code § 54.11(a); *see also In re C.B.*, No. 03-14-00028-CV, 2015 WL 4448835, at *2 (Tex. App.—Austin July 15, 2015, no pet.) (mem. op.) ("TJJD requested a transfer or release hearing under Human Resources Code sections 244.014 ('Referral of Determinate Sentence Offenders for Transfer') and 245.051 ('Release Under Supervision'). The court had subject-matter jurisdiction to conduct the release or transfer hearing."). The court heard evidence that appellant committed murder by shooting the victim repeatedly, that appellant was a member of a gang, and that appellant participated in an assault of another inmate while in TJJD's custody. At the conclusion of the hearing, the court found that appellant was still in need of rehabilitation and the welfare of the community required him to be transferred to TDCJ for the completion of his sentence. We conclude that the juvenile court did not abuse its discretion in ordering appellant's transfer. *See* Tex. Fam. Code § 54.11(i)(2).

## Conclusion

We overrule appellant's two issues, and we affirm the trial court's judgment.

/s/    Kevin Jewell
Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer.

6